# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**GAI IRA, LLC,**

    **Plaintiff,**

    **v.**

**WELLS FARGO BANK, N.A., AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS OF BANC OF AMERICA
FUNDING CORPORATION
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-5,**

    **Defendant.**

**Civil Action No. _____**

## INDEX OF MATTERS BEING FILED

DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL:

EXHIBIT 1         PROCESS

EXHIBIT 2         PLEADINGS

EXHIBIT 3         ORDERS

EXHIBIT 4         DOCKET SHEET

EXHIBIT 5         COUNSEL OF RECORD

EXHIBIT 6         NOTICE OF FILING IN STATE COURT OF NOTICE OF REMOVAL
                    TO FEDERAL COURT

EXHIBIT 7         AFFIDAVIT OF APPRAISAL DISTRICT RECORD



EXHIBIT 4

Respectfully Submitted,

By:  //s// George A. Kurisky, Jr.
        George A. Kurisky, Jr.
        TBA No. 11767700

**OF COUNSEL:**

**JOHNSON DELUCA KURISKY & GOULD, P.C.**

Branch M. Sheppard
TBA No. 24033057
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 - Telephone
(713) 652-5130 - Facsimile

**ATTORNEYS FOR DEFENDANT**

Date: May 13, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been delivered via facsimile to Plaintiff on this, the 13th day of May, 2014, as follows:

***Via Facsimile: 713-457-2961***
Saif A. Siddiqui
The Siddiqui Law Firm
3346 T.C. Jester, Suite F-11
Houston, Texas 77018

/s/ George A. Kurisky, Jr.
George A. Kurisky, Jr.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**GAI IRA, LLC,**

    **Plaintiff,**

    **v.**

**WELLS FARGO BANK, N.A., AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS OF BANC OF AMERICA
FUNDING CORPORATION
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-5,**

    **Defendant.**

**Civil Action No. _____**

## EXHIBIT 1

True and correct copies of the Citation and Officer's Return for WELLS FARGO BANK, N.A. ("Wells Fargo"), will be supplemented upon receipt. True and correct copies of the Civil Case Information Sheet are attached hereto as Exhibit 1.



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form
*All Information on this form is required.

**\*CAUSE NUMBER** 14 22115

**\*ATY** ☑   **\*CIV** ☐                    **\*Court #** 127

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
| --- |
| **\*ATTORNEY:** Siddiqui, Saif        **\* PH:** 713-630-0900 |
| **\*CIVIL PROCESS SERVER:** _____ |
| **\*PH:** _____ |
| **\*PERSON NOTIFIED SVC READY:** Maria |
| **\*DATE:** 4/28/14 |
| **\*30th day after date of issuance** 5 24 - 2013 |

Type of Service Document: _____ Tracking Number: 73011726
Type of Service Document: _____ Tracking Number: _____
Type of Service Document: _____ Tracking Number: _____
Type of Service Document: _____ Tracking Number: _____
Type of Service Document: _____ Tracking Number: _____
Type of Service Document: _____ Tracking Number: _____
Type of Service Document: _____ Tracking Number: _____
Type of Service Document: _____ Tracking Number: _____
Type of Service Document: _____ Tracking Number: _____
Type of Service Document: _____ Tracking Number: _____

**\*Civil Process papers prepared by:** Shanelle Taylor

**\*Date:** 4 24 -2014

**\*Process papers released to:** John Brigham _____

**\*Process papers released by:** _____

**\*Date:** May 6 , 2014 Time: 12:10 AM **PM**

Revised 02/20/12

CONFIRMED FILE DATE: 4/24/2014

Unofficial copy Office of Chris Daniel District Clerk

EXHIBIT
1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **GAI IRA, LLC,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.** _____ |
| **WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-5,** | |
| **Defendant.** | |

## EXHIBIT 2

True and correct copies of Plaintiff's Original Petition, Application for Temporary Restraining Order and Temporary Injunction, and Wells Fargo Bank's Original Answer and Counterclaim are attached hereto as Exhibit 2.

4/22/2014 7:50:50 AM
Chris Daniel - District Clerk Harris County
Envelope No. 1048574
By: Nelson Cuero

## 2014-22115 / Court: 127

CAUSE NO. _____

| | | |
|---|---|---|
| GAI IRA, LLC | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | _____TH JUDICIAL DISTRICT |
| | § | |
| WELLS FARGO BANK, N.A., AS | § | |
| TRUSTEE FOR THE CERTIFICATE | § | |
| HOLDERS OF BANC OF AMERICA | § | |
| FUNDING CORPORATION | § | |
| MORTGAGE PASS-THROUGH | § | |
| CERTIFICATES, SERIES 2007-5 | § | |
| | § | |
| **Defendant.** | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, GAI IRA, LLC ("GAI"), complaining of and about WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-5 ("Wells Fargo"), hereinafter called "Defendant", and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Discovery in this case shall be governed by Discovery Control Plan Level 2, as set forth in Rule 190.3 of the Texas Rules of Civil Procedure.

### PARTIES AND SERVICE

2.      Plaintiff, GAI IRA, LLC, is a Texas limited liability company.

1

**EXHIBIT**

**2**

3.     Defendant, WELLS FARGO BANK, N.A., is a National Association doing business in Texas and can be served through its registered agent Corporation Service Company at 211 E. 7th Street #670, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

4.     The court has jurisdiction over this action to quiet title pursuant to Article V, Section 8 of the Texas Constitution.

5.     Venue in Harris County is proper in this cause under Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property located in Harris County.

## FACTS

6.     This action involved certain real property, hereafter referred to as "the Property", situated at 9910 Sand Dollar Drive, Houston, TX 77065, and more particularly described as follows:

**Lot 45, in Block 3 of Windemere Lakes Section Three, A Subdivision in Harris County, Texas According to the Map or Plat Thereof Recorded in Film Code No. 404089 of the Map Records of Harris County, Texas.**

7.     Plaintiff acquired the Property at foreclosure and constable's sale on or about May 7, 2013. A true and correct copy of the constable's deed (the "Deed") conveying the Property to Plaintiff is attached hereto and incorporated by reference as Exhibit "A". The Deed was filed with the County Clerk and recorded in the real property records of Harris County, Texas on or about July 18, 2013.

8.     The Property was purchased subject to a mortgage lien held by Wells Fargo. Plaintiff has attempted to pay off the outstanding debt in order to have the lien released, however Defendant has refused to disclose the amount owed and is impairing Plaintiff from obtaining clear title.

2

9.    The original Grantor, Mr. Edward L. Sanders, defaulted under the Note and Deed of Trust held by Wells Fargo, the current mortgagee. Subsequently, Defendant issued a Notice of Acceleration and Notice of Trustee's Sale, attached hereto and incorporated by reference as Exhibit "B". The property is set for sale on Tuesday, the 6th day of May, 2014 at 10:00 A.M. at the designated area of the Harris County Family Law Center.

10.    Plaintiff is ready and willing to tender the payoff amount of the Promissory Note.

11.    Unless Wells Fargo Bank, N.A., Defendant herein, is immediately enjoined and restrained, Defendant will foreclose upon the Deed of Trust secured by the Property and Plaintiff will be irreparably harmed.

## SUIT TO QUIET TITLE

12.    GAI re-alleges the above allegations, the same as if fully set forth herein.

13.    A suit to quiet title or to remove a cloud can be maintained only by a person owning an interest in the property involved. *Bell v. Ott*, 606 S.W.2d 953 (Tex. Civ. App.-Waco 1980, writ ref'd n.r.e.). GAI is the owner of the fee simple title to the Property by virtue of the Constable's Deed.

14.    The mortgage lien held by Wells Fargo is a cloud on the title. A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property. See *Angell v. Bailey*, 225 S.W.3d 834, 838 n.6 (Tex. App.-El Paso 2007, no pet.). This cloud prevents GAI from obtaining a clear title to the property.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER & TEMPORARY INJUNCTION

15.    The preceding paragraphs are realleged herein.

16.    Plaintiff seeks a temporary restraining order pursuant to TEX. CIV. PRAC. & REM. CODE § 65.011(1). Plaintiff asks the Court to enjoin Defendant from foreclosing upon the

3

Promissory Note and Deed of Trust through the Substitute Trustee's Sale set to occur on May 6, 2014 at 10:00 AM.

17.     Plaintiff is likely to succeed on the merits of this lawsuit because Plaintiff is the current owner of the Property and Plaintiff is ready and willing to tender payment to Defendant for the remaining balance of the Promissory Note secured by the Deed of Trust on the Property.

18.     Unless this Court immediately restrains Defendant, Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief.  More specifically, Plaintiff will show the court the following:

A.     The harm to Plaintiff is imminent because Plaintiff is the owner of the Property and the foreclosure of the Promissory Note and Deed of Trust will divest Plaintiff of its ownership.

B.     This imminent harm will cause Plaintiff irreparable injury in that Plaintiff will lose its right and title to the Property.

C.     There is no adequate remedy at law which will give Plaintiff complete, final and equal relief because Plaintiff will lose its right and title to the property and the right to enjoy it.

## BOND

19.     Plaintiff is willing to post a reasonable temporary restraining order bond and requests the Court to set such bond. There is not enough time to serve notice on Defendant and to hold a hearing on this application because the Substitute Trustee's Sale is set to occur on May 6, 2014 and there is insufficient time to set a hearing with 3 days notice.

4

20.    Plaintiff asks the court to set this Application for Temporary Injunction for a hearing and, after the hearing, issue a temporary injunction against Defendant as described herein.

## REMEDY

21.    Plaintiff has met its burden by establishing each element which must be present before injunctive relief can be granted by this Court, therefore Plaintiff is entitled to the requested temporary restraining order.

22.    Plaintiff requests the Court to restrain Defendant from foreclosing upon the Promissory Note and Deed of Trust through the Substitute Trustee's Sale.

23.    It is essential that the court immediately and temporarily restrain Defendant from foreclosing upon the Promissory Note and Deed of Trust through the Substitute Trustee's Sale. It is essential that the Court act immediately, prior to giving notice to Defendant and a hearing on the matter because the Substitute Trustee Sale is set for May 6, 2014.

24.    In order to preserve the status quo during the pendency of this action, Plaintiff requests that the Defendant be temporarily enjoined from foreclosing upon the Promissory Note and Deed of Trust.

25.    Upon final trial on the merits, Plaintiff requests that the Court permanently enjoin Wells Fargo Bank, N.A., Defendant herein, from foreclosing upon the Promissory Note and Deed of Trust.

## CONDITIONS PRECEDENT

26.    All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

5

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, GAI IRA, LLC, respectfully requests that Defendant be cited to appear and answer, and that on the final trial, the Court enter an order establishing Plaintiff's interest in and to the real property described in Paragraph 6 above, grant Plaintiff judgment quieting title to the Property and removing cloud on Plaintiff's title, and Plaintiff be awarded a judgment against Defendant for the following:

a. A temporary restraining order, not to exceed 14 days, enjoining Defendant from foreclosing upon the Promissory Note and Deed of Trust described herein;

b. A temporary injunction after the expiration of the temporary restraining order enjoining Defendant from foreclosing upon the Promissory Note and Deed of Trust described herein until the resolution of this cause by trial on the merits;

c. A permanent injunction after a trial on the merits permanently enjoining Defendant from foreclosing upon the Promissory Note and Deed of Trust described herein;

d. Pre- and post- judgment interest;

e. Costs of Court; and

f. Any and other such further relief, whether at law or equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

Saif A. Siddiqui
The Siddiqui Law Firm
Texas Bar No. 24052305
3346 E. T.C. Jester, Suite F-11
Houston, Texas 77018
Tel. (713) 927-2775
Fax. (713) 457-2961
ss@siddiquilaw.com

ATTORNEY FOR PLAINTIFF
GAI IRA, LLC

6

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER

(Language pursuant Section 11.008 of the Texas Property Code)
****

Date:  May 7th, 2013

Grantor:  Harris County, Texas, Precinct 4 Constable Ron Hickman

20130360221
07/18/2013  RP2  $20.00

Grantee(s):  GAI IRA LLC

Grantee(s) Mailing Address:  2200 NORTH LOOP WEST SUITE 200, HOUSTON, TX 77018

Consideration/High Bid    ( $18,100.00 ) Eighteen Thousand One Hundred and 00/100 Dollars.

Constable:  Harris County, Texas, Precinct 4 Constable Ron Hickman

Levy Date:  February 27, 2013

Newspaper:  Daily Court Review

Date of Sale:  May 7th, 2013

Defendant(s):  Edward L. Sanders

Land and Premises:

LOT FORTY-FIVE (45), IN BLOCK THREE (3), OF WINDERMERE LAKES, SECTION THREE (3), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED AT FILM CODE NO. 404089 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

Execution and Order of Sale:

That an order of sale issued on the February 11 ,2013 out of the County Civil Court at Law No. 3, Harris County, Texas, pursuant to a judgment and decree of sale in Cause No. 1001162,701 Windermere Lakes Homeowners Association, Inc., VS. Edward L. Sanders rendered on March 30, 2012.

By virtue of that certain Order of Sale described above and further directed and delivered to me as Constable, commanding me to seize and sell the land and premises described in the Order of Sale, on the above stated Levy Date I did advertise for sale the said land and premises described in the Order of Sale, by having a notice of the sale published in the English language once a week for three consecutive weeks preceding the Date of Sale in the above-described Newspaper, a newspaper published in Harris County, Texas, the first publication appearing not less than twenty-one days immediately preceding the day of the sale, containing a statement of the authority by virtue of which the sale is to be made, the time of levy, time and place of sale; also a brief description of the property to be sold by stating the number of acres and the original survey; if the property was located in a platted subdivision or addition the name by which the land is generally known with reference to that subdivision or addition; or by setting the description of the land as contained in the judgment. I also mailed a copy of the notice of sale to the last known address of the above named Defendant(s).

The Date of Sale stated above, between the hours of ten o'clock a.m. and four o'clock p.m., I sold the above described land and premises at public venue in the County of Harris, State of Texas, at the door of the Court House said Harris County, Texas and said land and premises were struck off to the highest bidder, for the sum stated above and the high bidder being the above-named Grantee(s).

Cause Number: 1001162,701          Page 1 of 2

EXHIBIT

A

inexpired written statement issued to the Grantee(s) showing that the Harris County Tax Assessor-Collector determined that: (1) there are no delinquent ad valorem taxes owed by the Grantee(s) to Harris County, and (2) for ach school district or municipality having territory in Harris County, there are no known or reported delinquent ad alorem taxes owed by the Grantee(s) to that school district or municipality.

accordingly, and in consideration of the payment of the sum described above, the receipt of which is hereby cknowledged, I hereby convey to the Grantee(s) all of the right, title, and interest owned by the Defendant(s) in the roperty described above.

his deed is given expressly subject to the right of the Defendant's to redeem the land and premises, if allowed, ithin the time and in the manner provided by law.

N TESTIMONY WHEREOF, I have hereunto set my hand, this *2nd* day of *July* , *2013*

| | |
|---|---|
| he State Of Texas | § |
| | § |
| ounty Of Harris | § |

Ron Hickman, Constable
Precinct 4 Harris County, Texas

efore Me, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Ron lickman, Constable Precinct 4 Harris County, Texas, known to me to be the person whose name is subscribed to the oregoing instrument, and acknowledged to me that he/she executed the same for the purposes and consideration, nd in the capacity therein expressed.

GIVEN under my hand and seal of office, this *2nd* day of *July* , *2013*

KATHLEEN CUPIT
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 10/12/15

*Kathleen Cupit*
NOTARY PUBLIC, State of Texas

eturn to:
urchaser
AI IRA LLC
:00 NORTH LOOP WEST SUITE 200, HOUSTON, TX 77018



Unofficial Copy Office of Chris Daniel District Clerk

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE RENTAL OR USE OF THE DESCRIBED REAL
PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time
stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris
County, Texas

JUL 18 2013

Stan Stanart
COUNTY CLERK
HARRIS COUNTY, TEXAS

2014-22115 / Court: 127

# NOTICE OF ACCELERATION AND NOTICE OF TRUSTEE'S SALE

**DEED OF TRUST INFORMATION:**

| | |
|---|---|
| Date: | 02/27/2007 |
| Grantor(s): | EDWARD L. SANDERS, UNMARRIED |
| Original Mortgagee: | BANK OF AMERICA, N.A. |
| Original Principal: | $110,000.00 |
| Recording Information: | Instrument 20070126320 |
| Property County: | Harris |
| Property: | LOT 45, IN BLOCK 3 OF WINDERMERE LAKES SECTION THREE, A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN FILM CODE NO. 404089 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS. |
| Reported Address: | 9910 SAND DOLLAR DRIVE, HOUSTON, TX 77065 |

**MORTGAGE SERVICING INFORMATION:**

The Mortgage Servicer, if not the Current Mortgagee, is representing the Current Mortgagee pursuant to a Mortgage Servicing Agreement.

| | |
|---|---|
| Current Mortgagee: | Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-5 |
| Mortgage Servicer: | Specialized Loan Servicing LLC |
| Current Beneficiary: | Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-5 |
| Mortgage Servicer Address: | 8742 Lucent Blvd, Ste 300, Highlands Ranch, CO 80129 |

**SALE INFORMATION:**

| | |
|---|---|
| Date of Sale: | Tuesday, the 6th day of May, 2014 |
| Time of Sale: | 10:00AM or within three hours thereafter. |
| Place of Sale: | BEING 1,925 SQUARE FEET OUT OF THE FIRST FLOOR LOBBY AND 8,530 SQUARE FEET OF THE CONTIGUOUS COVERED AREA OUTSIDE OF THE FIRST FLOOR LOBBY, HARRIS COUNTY FAMILY LAW CENTER BUILDING, 1115 CONGRESS STREET, CITY OF HOUSTON, HARRIS COUNTY in Harris County, Texas, or, if the preceding area is no longer the designated area, at the area most recently designated by the Harris County Commissioner's Court. |
| Substitute Trustee(s): | Jack Palmer or Jeff Leva or Audrey Lewis or Del Orozco, Cristina Camarata, Sammy Hooda, Michael Burns, Alexander Wolfe, Suzanne Suarez or Adam Womack, any to act |
| Substitute Trustee Address: | 14841 Dallas Parkway, Suite 425, Dallas, TX 75254 |

WHEREAS, the above-named Grantor previously conveyed the above described property in trust to secure payment of the Note set forth in the above-described Deed of Trust; and

WHEREAS, a default under the Note and Deed of Trust was declared; such default was reported to not have been cured; and all sums secured by such Deed of Trust were declared to be immediately due and payable; and

WHEREAS, the original Trustee and any previously appointed Substitute Trustee has been removed and Jack Palmer or Jeff Leva or Audrey Lewis or Del Orozco, Cristina Camarata, Sammy Hooda, Michael Burns, Alexander Wolfe, Suzanne Suarez or Adam Womack, any to act, have been appointed as Substitute Trustees and requested to sell the Property to satisfy the indebtedness; and

WHEREAS, the undersigned law firm has been requested to provide these notices on behalf of the Current Mortgagee, Mortgage Servicer and Substitute Trustees;

NOW, THEREFORE, NOTICE IS HEREBY GIVEN of the foregoing matters and that:

1. The maturity of the Note has been accelerated and all sums secured by the Deed of Trust have been declared to be immediately due and payable.
2. Jack Palmer or Jeff Leva or Audrey Lewis or Del Orozco, Cristina Camarata, Sammy Hooda, Michael Burns, Alexander Wolfe, Suzanne Suarez or Adam Womack, any to act, as Substitute Trustee will sell the Property to the highest bidder for cash on the date, at the place, and no earlier than the time set forth above in the Sale Information section of this notice. The sale will begin within three hours after that time.
3. This sale shall be subject to any legal impediments to the sale of the Property and to any exceptions referenced in the Deed of Trust or appearing of record to the extent the same are still in effect and shall not cover any property that has been released from the lien of the Deed of Trust.
4. No warranties, express or implied, including but not limited to the implied warranties of merchantability and fitness for a particular purpose shall be conveyed at the sale, save and except the Grantor's warranties specifically authorized by the Grantor in the Deed of Trust. The property shall be offered "AS-IS", purchasers will buy the property "at the purchaser's own risk" and "at his peril", and no representation is made concerning the quality or nature of title to be acquired. Purchasers will receive whatever interest Grantor and Grantor's assigns have in the property, subject to any liens or interests of any kind that may survive the sale. Interested persons are encouraged to consult counsel of their choice prior to participating in the sale of the property.

Very truly yours,

Buckley Madole, P.C.

9462-N-1177 2146916733 PG1 POSTPKG

EXHIBIT B

Unofficial Copy Office of Chris Daniel District Clerk

5/5/2014 11:18:07 AM
Chris Daniel - District Clerk Harris County
Envelope No. 1167806
By: Susan Brooks

## NO. 2014-22115

| | | |
|---|---|---|
| **GAI IRA, LLC** <br> *Plaintiff,* | § <br> § <br> § | **IN THE DISTRICT COURT** |
| **v.** | § <br> § | **127th JUDICIAL DISTRICT** |
| **WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERIFICATE HOLDERS OF BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-5** <br> *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § | **HARRIS COUNTY, TEXAS** |

### NOTICE OF EX PARTE HEARING

Plaintiff GAI IRA, LLC has filed with the court an Ex Parte Hearing on a Temporary Restraining Order set for an oral hearing on **Monday, May 5, 2014 at 3:00 p.m.**, before the Honorable Larry Weiman, in the 80th Judicial District of Harris County, Texas at 201 Caroline Street, 9th Floor, Houston, Texas 77002.

Respectfully Submitted,

Vekeno Kennedy
Texas Bar No. 24077118
3346 East T.C. Jester Blvd., Suite F-27
Houston, Texas 77018
Phone: (713) 375-4230
Fax:     (713) 457-2954
E-mail: kennedy.re.law@gmail.com
ATTORNEY FOR PLAINTIFF GAI, IRA, LLC

Unofficial Copy Office of of Chris Daniel District Clerk

## CERTIFICATE OF SERVICE

I hereby certify pursuant to Rule 21a that on this the 5th day of May, 2014 a true and correct copy of the foregoing was forwarded by facsimile transmission, regular mail, certified mail, return receipt requested, hand-delivery, and/or by any other method as agreed between the parties to the following:

| | |
|---|---|
| Branch M. Sheppard<br>JOHNSON DELUCA KURISKY &<br>GOULD, P.C.<br>4 HOUSTON CENTER<br>1221 Lamar Street, Suite 1000<br>Houston, TX 77010 | *via Facsimile*<br>*Fax No. (713) 652-5130*<br>*and E-mail*<br>*bsheppard@jdkglaw.com* |

Vekeno Kennedy

2

CAUSE NUMBER 2014-22115

GAJ IRA LLC
_____
PETITIONER

§   IN THE DISTRICT COURT OF

§   HARRIS COUNTY, TEXAS

VS.

Wells Fargo Bank, N.A., as
_____
RESPONDENT
Trustee for

§   127th JUDICIAL DISTRICT

**CLERK'S CERTIFICATE OF CASH DEPOSIT IN LIEU OF INJUNCTION BOND PER ORDER OF THE COURT**

THE STATE OF TEXAS §
COUNTY OF HARRIS   §

THIS DOCUMENT IS TO CERTIFY that I, the undersigned Clerk of the District Courts of Harris County, Texas have received a cash deposit, as ordered by the Court, in the amount of _____ Two Hundred Fifty _____ Dollars (S 250.00 _____), to be deposited with the Registry of the Court in lieu of a Temporary Restraining Order Bond or a Temporary Injunction Bond, as required by Rule 684, T.R.C.P. in the above styled and numbered cause as provided by the order entered on the ___5___ day of ___May___, 2014.

This cash deposit is made and received in lieu of TEMPORARY RESTRAINING ORDER or TEMPORARY INJUCTION, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part, and this certificate is issued to have the force and effect of a TEMPORARY RESTRAINING ORDER BOND OR A TEMPORARY INJUCTION BOND in accordance with the Order of the Court.

WITNESS my hand and seal of office this ___5___ day of ___May_____ A.D., 20 __

Chris Daniel , District Clerk
Harris County, Texas
Po Box 4651
Houston, Texas 77210-4651

By: _____
Deputy District Clerk

Principal:

Attorney: _Vetorio Kennedy_
Bar Number: _24077118_

S: Forms\Lib\Civil Bureau\Civ Fam Intake & Customer Svc Fam\Intake-Post Bond                    Created 3-2-04

CAUSE NO. 2014-22115

| | | |
|---|---|---|
| GAI IRA, LLC | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WELLS FARGO BANK, N.A., AS | § | |
| TRUSTEE FOR THE CERTIFICATE | § | |
| HOLDERS OF BANC OF AMERICA | § | |
| FUNDING CORPORATION MORTGAGE | § | |
| PASS-THROUGH CERTIFICATES, | § | |
| SERIES 2007-5 | § | |
| | § | |
| Defendant. | § | 127th   JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Wells Fargo Bank, N.A. as Trustee for the Certificate Holders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-5 ("Defendant" or "Wells Fargo"), Defendant in the above-styled and numbered cause, and files its Original Answer and Counterclaim to Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures filed by Plaintiff GAI IRA, LLC ("Plaintiff") and, in support hereof, would respectfully show this Honorable Court the following:

### I.
### GENERAL DENIAL

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each, every, all and singular, allegation contained in Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures (the "Petition").  Defendant demands strict proof by a preponderance of the evidence and/or by clear and convincing evidence as required by the laws and constitutions of the State of Texas and of the United States.

## II.
### AFFIRMATIVE DEFENSES

2.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the defense of release.

3.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the defense that Plaintiff's claims are barred by contract.

4.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the defense of estoppel.

5.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the defense of waiver.

6.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the defense of justification.

7.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the defense of limitations.

8.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts that there were independent or intervening causes of Plaintiff's damages.

9.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts that its acts were not the producing cause of Plaintiff's damages.

10.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the defense of reliance upon information from other sources pursuant to TEX. BUS. & COM. CODE § 17.506(a).

11.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the defense of contributory negligence.  Specifically, Plaintiff's alleged damages, if any, were caused solely, or alternatively, in substantial part, by Plaintiff's own negligence or other acts or

omissions. Pleading in the alternative, Defendant invokes the provisions of Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, and would show that, to the extent Plaintiff sustained any damages, which is not admitted but is denied, the amount of Plaintiff's recovery, if any, must be barred or, alternatively, reduced by Plaintiff's percentage of fault, negligence or responsibility.

12.     If this Court finds that Defendant committed error, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the defense of *bona fide* error.

13.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the defense that Plaintiff failed to mitigate its alleged damages.

14.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the defense that the economic loss rule applies and bars Plaintiff from recovery in this litigation.

15.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the statute of frauds applies in this matter and bars Plaintiff from recovery in this litigation.

16.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the defense that Defendant has no privity of contract with Plaintiff.

17.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts that Plaintiff has unclean hands.

18.     Defendant reserves the right to amend this Answer to assert other and further defenses.

3

## III.
## COUNTERCLAIM

*Frivolous Lawsuit under Texas Law*

19.     Plaintiff's pleadings in this matter violate TEX. CIV. PRAC. & REM. CODE §§9.011 *et seq.* and §§10.001 *et seq.* because the pleadings are (i) groundless and brought in bad faith; (ii) groundless and brought for the purpose of harassment; or (iii) groundless and interposed for an improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation.

20.     Plaintiff filed a groundless lawsuit to delay Defendant's right to take possession of its collateral following default under the terms of the original Note and the Deed of Trust and after a properly noticed non-judicial foreclosure.

21.     Persons continue to reside in the Property without making mortgage or rental payments and have sought injunctive relief, invoking the powers of this Court, to prevent Defendant from dispossessing them of the Property.  Plaintiff has no contract with Wells Fargo. Plaintiff is a third party purchaser who purchased the Property subject to Wells Fargo's lien. Plaintiff has no legal or factual support for its claims.

22.     In conjunction with the terms of the Note and Deed of Trust, Defendant seeks recovery of its reasonable attorneys' fees, witness fees, costs, fees of experts and deposition expenses, if any.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that:

(1)     Plaintiff take nothing by reason of this suit;

4

(2)     Defendant have recovery from Plaintiff for its actual damages, reasonable and necessary attorneys' fees, costs, expenses, prejudgment and post-judgment interest; and

(3)     Defendant be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

JOHNSON DeLUCA KURISKY & GOULD
A Professional Corporation

By: _____
GEORGE A. KURISKY, JR.
Texas State Bar No. 11767700
gkurisky@jdkglaw.com
BRANCH M. SHEPPARD
Texas State Bar No. 24033057
bsheppard@jdkglaw.com
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 – Telephone
(713) 652-5130 – Telecopy

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer has been served as set forth below to the Plaintiff on this, the 13th day of May, 2014, as follows:

*Via Facsimile: 713-457-2961*
SAIF A. SIDDIQUI
VEKENO KENNEDY
THE SIDDIQUI LAW FIRM
3346 T.C. JESTER, SUITE F-11
HOUSTON, TEXAS 77018

_____
GEORGE A. KURISKY, JR.

5

<div align="center">

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

</div>

| | |
|---|---|
| **GAI IRA, LLC,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. _____** |
| **WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-5,** | |
| **Defendant.** | |

<div align="center">

**EXHIBIT 3**

</div>

A true and correct copy of the Temporary Restraining Order and Order Setting Hearing for Temporary Injunction are attached hereto is Exhibit 3.

NO. 2014-22115



| GAI IRA, LLC | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 127th JUDICIAL DISTRICT |
| | § | |
| **WELLS FARGO BANK, N.A., AS** | § | |
| **TRUSTEE FOR THE CERIFICATE** | § | |
| **HOLDERS OF BANC OF AMERICA** | § | |
| **FUNDING CORPORATION** | § | |
| **MORTGAGE PASS-THROUGH** | § | |
| **CERTIFICATES, SERIES 2007-5** | § | **HARRIS COUNTY, TEXAS** |
| *Defendant.* | § | |

## TEMPORARY RESTRAINING ORDER

ON THIS DAY came to be heard, Plaintiff, GAI IRA, LLC, on its Application for Temporary Restraining Order. After considering the pleadings, the affidavits and arguments of counsel, the Court finds that said application should be, in all things, Granted.

### I.

THE COURT HEREBY FINDS:

1.    On or about May 7, 2013, Plaintiff acquired certain real property ("the Property") situated at 9910 Sand Dollar Drive, Houston, TX 77065, and more particularly described as follows:

> **Lot 45, in Block 3 of Windemere Lakes Section Three, A Subdivision in Harris County, Texas According to the Map or Plat Thereof Recorded in Film Code No. 404089 of the Map Records of Harris County, Texas.**

2.    Plaintiff acquired the Property on or about May 7, 2013, at a foreclosure and constable's sale. The Deed was filed with the County Clerk and recorded in the real

EXHIBIT

3

property records of Harris County, Texas on or about July 18, 2013, File No. 20130360221.

3.      The Property was purchased subject to a mortgage lien held by Wells Fargo. Plaintiff has attempted to pay off the outstanding debt in order to have the lien released, however Defendant has refused to disclose the amount owed and is impairing Plaintiff from obtaining clear title.

4.      The original Grantor, Mr. Edward L. Sanders, defaulted under the Note and Deed of Trust held by Wells Fargo, the current mortgagee. Defendant issued a Notice of Acceleration and Notice of Trustee's Sale. The property is set for sale on Tuesday, May 6, 2014 at 10:00 a.m. at the designated area of the Harris County Family Law Center.

5.      Plaintiff is ready and willing to tender the payoff amount of the Promissory Note.

6.      The Plaintiff is the owner of the Property.

7.      In the absence of injunctive relief, Plaintiffs will suffer harm; to wit, Defendants will foreclose upon the Promissory Note and Deed of Trust. As a result, Plaintiffs will suffer imminent harm because it will be deprived of its ownership of the Property and the right and title to enjoy and use the Property. Such harm is irreparable because Plaintiff will have no other means by which to recover right and title to the Property.

8.      An ex parte order, without 3-days notice to Defendant, is necessary because there was not enough time to give such notice to Defendant, hold a hearing, and issue a restraining order before the irreparable injury, loss, or damage would occur; to wit, the Substitute Trustee's Sale is scheduled for May 6, 2014 at 10:00 a.m. and there is insufficient time to set a hearing with 3 days notice.

## II.

**IT IS, THEREFORE, ORDERED** that Defendant, Wells Fargo Bank, N.A., as Trustee and all of Defendants' officers, agents, servants, employees, successors and assigns, and attorneys are ORDERED to immediately cease and desists from (1) foreclosing upon the Promissory Note and Deed of Trust which is secured by the Property described herein and (2) conducting the Substitute Trustee's Sale on May 6, 2014 at 10:00 a.m. from the date of entry of this order until fourteen (14) days thereafter, or until further order of this Court.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue notice to Defendants that a hearing on Plaintiff's application for temporary injunction is set for _____May 14_____, 2014, at __2:00__ a.m/p.m.

**IT IS FURTHER ORDERED** that this temporary retraining order shall expire on _19th_ day of _May_, 2014, at 11:59 p.m.

**IT IS FURTHER ORDERED** that Plaintiff shall post bond in the amount of $_250.00_

Signed on this _5th_ day of May, 2014.

JUDGE PRESIDING

3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

GAI IRA, LLC,

      **Plaintiff,**

      **v.**

**WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-5,**

      **Defendant.**

Civil Action No. _____

## EXHIBIT 4

A true and correct copy of the docket sheet is attached hereto at Exhibit 4.

**HCDistrictclerk.com**   GAI IRA LLC vs. WELLS FARGO BANK N A (AS   5/13/2014
TRUSTEE FOR THE

Cause: 201422115      CDI: 7      Court: 127

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 60670174 | Notice of Ex Parte Hearing | | 05/05/2014 | 2 |
| 60681575 | ORDER SETTING BOND SIGNED | | 05/05/2014 | 3 |
| | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | | 05/05/2014 | |
| | ORDER SIGNED SETTING HEARING | | 05/05/2014 | |
| 60686227 | Clerk's certificate of cash deposit in lieu of injunction bond per order of the court | | 05/05/2014 | 1 |
| 60689446 | Civil Process Pick-Up Form | | 04/24/2014 | 1 |
| 60504589 | Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction | | 04/22/2014 | 6 |
| 60504592 | Exhibit A | | 04/22/2014 | 3 |
| 60504593 | Exhibit B | | 04/22/2014 | 1 |

EXHIBIT
4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

GAI IRA, LLC,

    **Plaintiff,**

    v.

**WELLS FARGO BANK, N.A., AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS OF BANC OF AMERICA
FUNDING CORPORATION
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-5,**

    **Defendant.**

**Civil Action No. _____**

## EXHIBIT 5

### LIST OF ALL COUNSEL OF RECORD

**COUNSEL FOR PLAINTIFF:**

Saif A. Siddiqui
TBA. 24052305
The Siddiqui Law Firm
3346 T.C. Jester, Suite F-11
Houston, Texas 77018
(713) 927-2775 - Telephone
(713) 457-2961 - Facsimile

**COUNSEL FOR DEFENDANT,
WELLS FARGO BANK, N.A.**

George A. Kurisky, Jr.
TBA No. 11767700
Branch M. Sheppard
TBA No. 24033057
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 - Telephone
(713) 652-5130 - Facsimile



EXHIBIT
5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

GAI IRA, LLC,

     **Plaintiff,**

     **v.**

**WELLS FARGO BANK, N.A., AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS OF BANC OF AMERICA
FUNDING CORPORATION
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-5,**

     **Defendant.**

**Civil Action No. _____**

## EXHIBIT 6

### NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

A true and correct copy of the Notice of Filing Notice of Removal to Federal Court is attached hereto.

CAUSE NO. 2014-22115

| | | |
|---|---|---|
| GAI IRA, LLC | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WELLS FARGO BANK, N.A., AS | § | |
| TRUSTEE FOR THE CERTIFICATE | § | |
| HOLDERS OF BANC OF AMERICA | § | |
| FUNDING CORPORATION MORTGAGE | § | |
| PASS-THROUGH CERTIFICATES, | § | |
| SERIES 2007-5 | § | |
| | § | |
|     Defendant. | § | 127th   JUDICIAL DISTRICT |

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT</u>

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1446(d), Defendant Wells Fargo Bank, N.A. as Trustee for the Certificate Holders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-5 ("Defendant" or "Wells Fargo"), hereby gives notification that on May 13, 2014, it removed the above-captioned case pursuant to 28 U.S.C. §1332 to the United States District Court for the Southern District of Texas. A copy of the Notice of Removal and its exhibits are attached hereto as Exhibit A and are served and filed herewith. This notification effects removal pursuant to 28 U.S.C. §1446(d).

Dated:  May 13, 2014.



EXHIBIT

6

Respectfully submitted,

JOHNSON DeLUCA KURISKY & GOULD, P.C.
A Professional Corporation

By: _____
     GEORGE A. KURISKY, JR.
     Texas State Bar No. 11767700
     gkurisky@jdkglaw.com
     BRANCH M. SHEPPARD
     Texas State Bar No. 24033057
     bsheppard@jdkglaw.com
     4 Houston Center
     1221 Lamar, Suite 1000
     Houston, Texas 77010
     (713) 652-2525 – Telephone
     (713) 652-5130 – Telecopy

     ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

     This is to certify that a true and correct copy of the above and foregoing Notice of Filing Notice of Removal was served by facsimile to all opposing counsel on the 13th day of May 2014:

***Via Facsimile: 713-457-2961***
SAIF A. SIDDIQUI
VEKENO KENNEDY
THE SIDDIQUI LAW FIRM
3346 T.C. JESTER, SUITE F-11
HOUSTON, TEXAS 77018

_____
GEORGE A. KURISKY, JR.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

GAI IRA, LLC,

      **Plaintiff,**

      **v.**

**WELLS FARGO BANK, N.A., AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS OF BANC OF AMERICA
FUNDING CORPORATION
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-5,**

      **Defendant.**

Civil Action No. _____

## EXHIBIT 7

## AFFIDAVIT OF APPRIASAL DISTRICT RECORD

A true and correct copy of the Affidavit of Appraisal District Record is attached hereto.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **GAI IRA, LLC,** | |
|     **Plaintiff,** | |
|     **v.** | **Civil Action No. _____** |
| **WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-5,** | |
|     **Defendant.** | |

## **PUBLIC RECORDS AFFIDAVIT**

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HARRIS** | § |

BEFORE ME, the undersigned authority, on this day personally appeared Branch M. Sheppard, who is over the age of eighteen years, and who, after being first duly sworn on her/his oath, deposed and stated as follows:

1.     "My name is Branch M. Sheppard. I am an attorney with the law firm of Johnson DeLuca Kurisky & Gould, P.C. In such capacity, I am authorized to make this affidavit.

2.     The real property at issue in this instance appears to be located at 9910 Sand Dollar Drive, Houston, Texas 77065 ("the Property").

3.     On May 13, 2014, I reviewed the online records pertaining to the Properties on the website of the Harris County Appraisal District, www.hcad.org, and it reported that the 2014 appraised value of the Properties is $ 239,714.00.

**EXHIBIT**

**7**

4.    Attached hereto is a true and correct copy of the Harris County Appraisal District online public records as of May 13, 2014, as they pertain to the current appraised value of the Property.

5.    I hereby declare that the foregoing facts are true and correct to the best of my information, belief, and personal knowledge."

By: _____
         Branch M. Sheppard, Attorney

SUBSCRIBED AND SWORN TO BEFORE ME, on May 13, 2014.

TINA LYNN WHITE
Notary Public, State of Texas
My Commission Expires
November 16, 2015

NOTARY PUBLIC

HARRIS COUNTY APPRAISAL DISTRICT
REAL PROPERTY ACCOUNT INFORMATION
**1196870030045**

Tax Year: 2014

🖨 Print

| Owner and Property Information | | | |
|---|---|---|---|
| Owner Name & Mailing Address: | **GAI IRA LLC**<br>**2200 NORTH LOOP W STE 200**<br>**HOUSTON TX 77018-1754** | Legal Description:<br><br>Property Address: | **LT 45 BLK 3**<br>**WINDERMERE LAKES SEC 3**<br>**9910 SAND DOLLAR DR**<br>**HOUSTON TX 77065** |

| State Class Code | Land Use Code | | | | |
|---|---|---|---|---|---|
| A1 -- Real, Residential, Single-Family | 1001 -- Residential Improved | | | | |
| Land Area | Total Living Area | Neighborhood | Neighborhood Group | Market Area | Map Facet | Key Map® |
| 6,534 SF | 2,202 SF | 216 | 4080 | 224 -- ISD 04 - N. of 290 Between 1960 & Beltway 8 | 4864C | 369W |

**Value Status Information**

| Capped Account | Value Status | Notice Date | Shared CAD |
|---|---|---|---|
| No | Noticed | 05/02/2014 | No |

**Exemptions and Jurisdictions**

| Exemption Type | Districts | Jurisdictions | ARB Status | 2013 Rate | 2014 Rate |
|---|---|---|---|---|---|
| None | 004 | CYPRESS-FAIRBANKS ISD | Not Certified | 1.450000 | |
| | 040 | HARRIS COUNTY | Not Certified | 0.414550 | |
| | 041 | HARRIS CO FLOOD CNTRL | Not Certified | 0.028270 | |
| | 042 | PORT OF HOUSTON AUTHY | Not Certified | 0.017160 | |
| | 043 | HARRIS CO HOSP DIST | Not Certified | 0.170000 | |
| | 044 | HARRIS CO EDUC DEPT | Not Certified | 0.006358 | |
| | 045 | LONE STAR COLLEGE SYS | Not Certified | 0.116000 | |
| | 633 | HC EMERG SRV DIST 9 | Not Certified | 0.060000 | |
| | 769 | NW HC MUD 29 | Not Certified | 0.400000 | |

**Valuations**

| | Value as of January 1, 2013 | | | Value as of January 1, 2014 | | |
|---|---|---|---|---|---|---|
| | Market | Appraised | | | Market | Appraised |
| Land | 45,477 | | Land | | 75,794 | |
| Improvement | 160,122 | | Improvement | | 163,920 | |
| Total | 205,599 | 205,599 | Total | | 239,714 | 239,714 |

**Land**

| Market Value Land | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Line | Description | Site Code | Unit Type | Units | Size Factor | Site Factor | Appr O/R Factor | Appr O/R Reason | Total Adj | Unit Price | Adj Unit Price | Value |
| 1 | 1001 -- Res Improved Table Value | SF1 | SF | 6,534 | 1.16 | 1.00 | 2.00 | View | 2.32 | 5.00 | 11.60 | 75,794 |

**Building**

| Building | Year Built | Type | Style | Quality | Impr Sq Ft | Building Details |
|---|---|---|---|---|---|---|
| 1 | 2000 | Residential Single Family | Residential 1 Family | Good | 2,202 * | Displayed |

* All HCAD residential building measurements are done from the exterior, with individual measurements rounded to the closest foot. This measurement includes all closet space, hallways, and interior staircases. Attached garages are not included in the square footage of living area, but valued separately. Living area above *attached* garages is included in the square footage living area of the dwelling. Living area above *detached* garages is not included in the square footage living area of the dwelling but is valued separately. This method is used on all residential properties in Harris County to ensure the uniformity of square footage of living area measurements district-wide. There can be a reasonable variance

between the HCAD square footage and your square footage measurement, especially if your square footage measurement was an interior measurement or an exterior measurement to the inch.

## Building Details (1)

| Building Data | |
|---|---|
| **Element** | **Detail** |
| Cond / Desir / Util | Good |
| Foundation Type | Slab |
| Grade Adjustment | B |
| Heating / AC | Central Heat/AC |
| Physical Condition | Average |
| Exterior Wall | Brick / Veneer |
| **Element** | **Units** |
| Room: Total | 7 |
| Room: Rec | 1 |
| Room: Full Bath | 2 |
| Room: Bedroom | 3 |
| Fireplace: Metal Prefab | 1 |

| Building Areas | |
|---|---|
| **Description** | **Area** |
| BASE AREA PRI | 2,202 |
| OPEN MAS PORCH PRI | 135 |
| MAS/BRK GARAGE PRI | 399 |
| CANOPY PRI | 38 |
| OPEN MAS PORCH PRI | 24 |

| Building Features | |
|---|---|
| **Description** | **Units** |
| Gunite Pool | 1 |