UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GAI IRA, LLC<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.<br><br>    Defendant | Civil Action No. 4:14-cv-01327 |

### DEFENDANT'S STATEMENT CONCERNING REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant Wells Fargo Bank, N.A.("Wells Fargo") and file its Statement Concerning Removal pursuant to the Court's *Order in Removed Cases* [PACER Document No. 2] entered on May 14, 2014, and hereby responds to the Court as follows:

**1.    The date(s) on which defendant(s) or their representative(s) first received a copy of the summons and complaint in the removed state court action. If different, the date on which each defendant was served with a copy of the summons and complaint.**

**RESPONSE:** Plaintiff filed this litigation on April 22, 2014.  Defendant voluntarily appeared on May 13, 2014.  Defendant removed this matter to United States District Court on May 13, 2014, based on diversity jurisdiction.

**2.    In actions removed pursuant to the court's diversity jurisdiction, list the citizenship of all parties (including the citizenship of each member of a partnership or other type of business association).  Specifically identify whether any defendants who have been served are citizens of Texas.**

**RESPONSE:** Plaintiff is a citizen of Texas.

Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") is a national banking association organized and existing under the laws of the United States.  Wells Fargo's main office is located at 101 N. Phillips Ave., Sioux Falls, South Dakota 57104.  Wells Fargo is thus a citizen of South Dakota. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt,* 546 U.S. 303, 307, 126 S.Ct. 941, 945 (2006) (holding that for diversity purposes, a national bank is a citizen of the state designated in its articles of incorporation as the locus of its main office).

**3.     In actions removed based on diversity jurisdiction, the amount alleged to be in controversy and the basis for this amount.**

**RESPONSE:** Pursuant to 28 U.S.C. §1332, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States..."  28 U.S.C. §1332(a)(1).  This case falls within this Court's original jurisdiction under Section 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.

In actions seeking injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.  *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013); *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996); *Dreyer v. Jalet*, 349 F. Supp. 452 (S.D. Tex. 1972) *affirmed* 479 F.2d 1044.  In *Farkas*, the plaintiff sought to enjoin foreclosure of real property; the property is the object of the litigation.  *Farkas* at 341.  "In actions enjoining a lender from transferring property and preserving an individual's ownership interest . . . the value of the property represents the amount in controversy."  *Id.*

In this case, Plaintiff, a third party purchaser at a Homeowner's Association foreclosure sale, seeks injunctive relief to preserve its alleged ownership rights and equity in real property located at 9910 Sand Dollar, Houston, Texas 77065 (the "Property").  According to the Harris County Appraisal District, the appraised value of the Property is $239,714.00 (the "CAD Value").  It is apparent from the face of the Petition that the amount in controversy in this case exceeds the minimum amount in controversy for diversity jurisdiction.

In this case, Plaintiff seeks to (i) retain possession of the Property and (ii) enjoin Wells Fargo from foreclosing on the Property.  At a minimum, the CAD Value establishes the amount in controversy.  *Kew v. Bank of America, N.A.*, 2012 WL 1414978, *3 (S.D. Tex. 2012); *King v. HSBC Bank USA, N.A.*, 2012 WL 3204190, *2 (W.D. Tex. 2012) (Remand denied because value of Property exceeds $75,000.00).

The amount in controversy exceeds the minimum threshold requirement for this Court.  For the foregoing reasons, this Court has original jurisdiction over this action under 28 U.S.C. §1332.  Removal to this Court by Defendants is proper.

**4.     In actions removed based on diversity jurisdiction pending more than one year in state court, specify why the case should not be summarily remanded.**

**RESPONSE:**  Not applicable.

**5.     Identify any defendant that did not join in the notice of removal and explain why.**

**RESPONSE:**  Not applicable.

The information contained hereinabove is true and correct to best of Defendants' knowledge.

                Respectfully submitted,

By:   //s// George A. Kurisky, Jr.
       George A. Kurisky, Jr.
       TBA No. 11767700

**OF COUNSEL:**
**JOHNSON DELUCA KURISKY & GOULD, P.C.**

Branch M. Sheppard
TBA No. 24033057
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 – Telephone
(713) 652-5130 – Facsimile

**ATTORNEYS FOR DEFENDANT,**
**WELLS FARGO BANK, N.A.**

## CERTIFICATE OF SERVICE

     This is to certify that a true and correct copy of the above and foregoing Defendant's Statement Concerning Removal was served by via the Court's CM/ECF system to the following on the 23rd day of May 2014:

*<u>Via Facsimile: 713-457-2961</u>*
SAIF A. SIDDIQUI
VEKENO KENNEDY
THE SIDDIQUI LAW FIRM
3346 T.C. JESTER, SUITE F-11
HOUSTON, TEXAS 77018

                //s// George A. Kurisky, Jr.
                GEORGE A. KURISKY, JR.