**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GAI IRA, LLC, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION H-14-1327 |
| § | | |
| WELLS FARGO BANK, N.A., *as Trustee for the* § | | |
| *Certificate Holders of Banc of America* § | | |
| *Funding Corporation Pass-Through* § | | |
| *Certificates, Series 2007-5*, § | | |
| § | | |
| *Defendants*. § | | |

**ORDER**

Pending before the court are motions for summary judgment filed by defendant, Wells Fargo Bank, N.A. ("Wells Fargo") (Dkt. 22) and by plaintiff GAI IRA, LLC ("GAI") (Dkt. 24). After reviewing the motions, responses, record evidence, and relevant law, the court is of the opinion that GAI's motion should be DENIED, and Wells Fargo's motion should be GRANTED.

**I. BACKGROUND**

GAI purchased the property located at 9910 Sand Dollar Drive in Houston, Texas (the "Property") at a foreclosure sale on May 7, 2013. Dkt. 22 at 3. The Property was purchased subject to a lien held by Wells Fargo. *Id.* GAI alleges that after it purchased the Property, it unsuccessfully attempted to obtain payoff information from Wells Fargo. Dkt. 16 at 1. GAI filed suit in state court alleging that Wells Fargo intended to foreclose on its lien and seeking an injunction preventing Wells Fargo from doing so. Dkt. 1-3. GAI alleged that it was willing to pay Wells Fargo the balance due on the note secured by a deed of trust. *Id.* at 10. GAI also filed a suit to quiet title and extinguish Wells Fargo's lien on the Property. *Id.* at 9. Wells Fargo removed the case to this court, and since removal, GAI has filed its second amended complaint seeking equitable redemption, a declaration

that Wells Fargo's initial refusal to provide a payoff amount violates Texas law, and attorneys' fees. Dkt. 16.  Wells Fargo answered GAI's complaint and filed a counterclaim alleging a frivolous lawsuit.  Dkt. 18.

On September 5, 2014, Wells Fargo communicated to GAI that the amount owed on the note was $134,247.90 plus $15,426.36 in attorneys' fees.  Dkt. 26 at 9.  Wells Fargo also stated:

> Tender of funds by Plaintiff does not in and of itself constitute "payment." Additional attorneys' fees and costs will be incurred by Defendant in resolving the litigation.  Defendant is entitled by contract with its borrower to be reimbursed for litigation attorneys' fees and costs incurred in protecting its interest in the Property and its rights under the Security Instrument.  Defendant hereby asserts such fees and costs as part of its total secured debt.

*Id.*  Wells Fargo's entitlement to attorneys' fees is supported by language in the deed of trust stating that "reasonable attorneys' fees to protect its interest in the Property" are "additional debt of the Borrower secured by this Security Instrument."  Dkt. 26-3 at 8.  GAI tendered two checks to Wells Fargo on September 23, 2014.  Dkt. 24 at 3.  Upon receipt of the checks, Wells Fargo notified GAI that since the September 5, 2014 correspondence, it had incurred an additional $1,151 in attorneys' fees and would incur an additional $1,000 to $1,500 in disposing of the litigation brought by GAI. Dkt. 26 at 10.  Instead of paying the additional attorneys' fees, GAI persisted in this litigation and filed its motion for summary judgment.  Wells Fargo has now incurred additional attorneys' fees. Wells Fargo's additional fees and costs were $19,924.79 as of October 9, 2014, and they have no doubt increased since that time.  Dkt 23.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party."  *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).  The

moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. ANALYSIS

#### A. Equitable Redemption

"Equity courts long ago created the equity of redemption doctrine to provide relief against penalties and forfeitures that confronted mortgagors." *Scott v. Dorothy B. Schneider Estate Trust*, 783 S.W.2d 26, 27-28 (Tex. App.—Austin 1990, no writ). The doctrine allows a mortgagor reasonable time to cure a default and requires reconveyance of the property. *Id.* at 28. To enforce the right, a mortgagor must 1) prove he has a legal or equitable interest in the property subject to the mortgage, 2) prove that it is "ready, able or willing to redeem the properties in controversy by paying off the amount of valid and subsisting liens," including "amounts expended by the mortgagee in association with the default," and 3) must assert his right prior to foreclosure. *Id*

Wells Fargo concedes that GAI had the right to redeem the property. Dkt. 22 at 7. However, GAI cannot prove it is willing to pay the full amount of the existing lien. GAI does not dispute that Wells Fargo is entitled to attorneys' fees. Rather, it argues that Wells Fargo was somehow disingenuous by not disclosing the entire amount of its attorneys' fees. Dkt. 24 at 5. Wells Fargo accurately disclosed the amount of attorneys' fees expended up to the date of the disclosure, but specifically noted that attorneys' fees were continuing to accrue as this litigation progressed. GAI should not be surprised by the increase in Wells Fargo's fees given the amount of work necessary

to file and respond to summary judgment motions. Because GAI has paid only the fees expended prior to September 5, 2014, it has not paid the entire amount of indebtedness securing the property.

GAI's argument that Wells Fargo's fees are not reasonable is also unavailing. GAI relies exclusively on a comparison between this case and another case involving plaintiff's counsel and Wells Fargo in which Wells Fargo was willing to settle the case and accept less than the full amount of attorneys' fees incurred. Dkt. 24 at 7. Wells Fargo's decision to settle a previous case for less than it could have exacted is not relevant to its entitlement to fees in this case. Numerous factors contribute to a party's willingness to settle a case, and they are unique to each case. The only legally relevant inquiry is whether or not the contract entitles Wells Fargo to the fees it is seeking. The contract clearly allows Wells Fargo to collect attorneys' fees, and the $20,152.29 in fees and costs incurred since September 5 are reasonable given the extensive litigation so far undertaken. Since GAI has not paid the full amount of the lien, and does not appear willing to pay the full amount, it cannot prevail on its claim for equitable redemption. Wells Fargo is entitled to judgment in its favor on that claim.

### B. Declaratory Judgment

GAI seeks a declaration that "1) Wells Fargo must state to Plaintiff the total amount due under the Note; 2) stating a payoff amount to Plaintiff is not disclosure of nonpublic personal information to a nonaffiliated third party under the Graham-Leach-Bliley Act, 15 U.S.C. §§ 6801, et seq.; [and] 3) any fees, penalties, interest or insurance premiums that Defendant charged to the Note since Plaintiffs requested the payoff amount are unreasonable and shall not be included in the amount Plaintiff owes Defendant." Dkt. 16 at 5-6. Wells Fargo has moved for summary judgment on GAI's request for a declaratory judgment. Dkt. 22. GAI's response to Wells Fargo's motion does not address GAI's request for a declaration. Dkt. 25.

GAI's first two requests are attempts to force Wells Fargo to provide payoff information, which it has undeniably provided. Wells Fargo's provision of the payoff information makes GAI's first two requests for declaratory judgment moot. GAI has offered no legal support for its third request, and the court has found none. Pursuant to the deed of trust, Wells Fargo is entitled to collect fees, penalties, interest, and insurance premiums until the entire amount of indebtedness secured by the lien is paid. Dkt. 25-2. Accordingly, GAI is not entitled to a declaratory judgment.

### C. Attorneys' Fees

GAI seeks attorneys' fees, but does not cite a legal basis for their recovery. Since GAI's claims against Wells Fargo are being dismissed by this order, GAI is not entitled to recover attorneys' fees. On the other hand, Wells Fargo's fees incurred in the matter were "incurred to protect its interest in the Property," and are now additional debt secured by the deed of trust. Dkt 25-2 at 8.

### IV. CONCLUSION

For the reasons outlined above, GAI cannot prove it is entitled to equitable redemption or a declaratory judgment. Accordingly, Wells Fargo's motion for summary judgment (Dkt. 22) is GRANTED, and GAI's claims against Wells Fargo in this action are DISMISSED WITH PREJUDICE. GAI's motion for summary judgment is DENIED. Dkt. 24. Wells Fargo's counterclaim is still pending.

Signed at Houston, Texas on May 27, 2015.

_____
Gray H. Miller
United States District Judge