**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GAI IRA, LLC, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION H-14-1327 |
| § | | |
| WELLS FARGO BANK, N.A., *as Trustee for the* § | | |
| *Certificate Holders of Banc of America* § | | |
| *Funding Corporation Pass-Through* § | | |
| *Certificates, Series 2007-5*, § | | |
| § | | |
| *Defendants*. § | | |

### ORDER

Pending before the court are defendant, Wells Fargo Bank, N.A.'s ("Wells Fargo") motions to sever (Dkt. 33) and motion for summary judgment (Dkt. 35). After reviewing the motions, responses, record evidence, and relevant law, the court is of the opinion that Wells Fargo's motion for summary judgment should be GRANTED, and its motion to sever should be DENIED AS MOOT.

This court has previously held that Wells Fargo is entitled to recover attorneys' fees pursuant to language in the deed of trust. Dkt. 32 at 2. Plaintiff GAI IRA, LLC ("GAI") does not present an argument opposing Wells Fargo's entitlement to attorneys' fees. Rather, GAI argues that the amount sought is excessive. Dkt. 37 at 2. Wells Fargo seeks $44,490.74 in costs and fees, and has provided billing records supporting that amount. Dkt. 35-1. GAI does not point to any specific problems or inaccuracies with the billing records. GAI's argument is based solely on the fact that its own fees in the case are only $7,525.25. Dkt. 37 at 3.

The court finds that Wells Fargo's fees are reasonable in this case regardless of how they compare to plaintiff's fees. Wells Fargo's defense of this case has lasted over a year and has

included defending the suit in state court, removing it to federal court, defending a motion for summary judgment, filing two summary judgment motions of its own, and preparing for trial. Defense counsel's hourly rates are reasonable, and none of the billing records have been called into question. Accordingly, Wells Fargo is entitled to the requested attorneys' fees and costs pursuant to the terms of the deed of trust. Since the deed of trust is the basis for the recovery of attorneys' fees, the fees are additional debt of the borrower under the loan agreement, and GAI must pay them in order to redeem the property. Dkt. 32 at 2-4.

For the reasons outlined above, Wells Fargo's motion for summary judgment is GRANTED. Dkt. 35. Wells Fargo's motion to sever is DENIED AS MOOT. Dkt. 33. Wells Fargo's costs and attorneys' fees in the amount of $44,490.74 (including the portion which has already been paid by GAI) are part of the indebtedness secured by the property located at 9910 Sand Dollar Drive in Houston, Texas.

Signed at Houston, Texas on August 21, 2015.

_____
Gray H. Miller
United States District Judge